Brian J. Porter, Bar Number 08917
Benjamin J. Mann, Bar Number 08371
HALLIDAY, WATKINS & MANN, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone: 801-990-3716
Facsimile: 801-328-9714
Email: brian@hwmlawfirm.com
**Attorney for U.S. Bank National Association**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA (Fargo)

| | |
|---|---|
| In re:<br><br>JAMIE STEVEN HARRINGTON AND<br>DARIELLE JEANETTE HARRINGTON<br><br>Debtors. | Chapter 7<br><br>Case No. 19-30353 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY (VEHICLE)**

U.S. Bank National Association ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain personal property of the Debtors, a 2015 Ford F150 Crew, having a VIN Number 1FTEW1EF3FFA03018 (the "Vehicle"), for all purposes allowed by the Security Agreement (defined below), and applicable law, including but not limited to the right to repossess.  In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtors on June 24, 2019.

2. The Debtor, Jamie Harrington, has executed and delivered or is otherwise obligated with respect to that certain Security Agreement in the original principal amount of $45,259.04 (the "Contract").  A copy of the Contract is attached hereto as Exhibit A.  Movant is

an entity entitled to enforce the Contract.

3. To secure the Contract, a lien was placed on Certificate of Title. A copy of the Certificate of Title is attached hereto as Exhibit B.

4. The legal description of the Vehicle is:

    YEAR:                2015
    MAKE AND MODEL:      Ford F150 Crew
    VIN:                 1FTEW1EF3FFA03018

5. As of July 10, 2019, the total indebtedness was $37,779.00.

6. The clean retail per NADA, is $28,825.00. A copy of which is attached as Exhibit C.

7. Additionally, the Debtors are delinquent on the contractual payments. The following chart sets forth the number and amount of payments due pursuant to the terms of the Contract that have been missed by the Debtors as of July 10, 2019:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 3 | May 5, 2019 | July 5, 2019 | $708.94 | $2,126.82 |
| Late Charges: | | | | $58.00 |
| Less post-petition partial payments (suspense balance): | | | ($0.00) | |
| | | | Total: | $2,184.82 |

8. Cause exists for relief from the automatic stay for the following reasons:

   (a) For cause, including the failure to make contractually obligated payments.

   (b) Debtors have indicated in their filed Statement of Intention that they wish to surrender the Vehicle.

   (c) Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtors have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective liquidation.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.  Relief from the stay for all purposes allowed by the Contract, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to repossess upon and obtain possession of the Vehicle.

2.  That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3.  That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4.  For such other relief as the Court deems proper.

Dated September 3, 2019                    Halliday, Watkins & Mann, P.C.
                                           376 East 400 South, Suite 300
                                           Salt Lake City, UT 84111


                                            /s/ Brian J. Porter
                                           Brian J. Porter
                                           Attorney for U.S. Bank National Association

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA (Fargo)

| | |
|---|---|
| In re:<br><br>JAMIE STEVEN HARRINGTON AND<br>DARIELLE JEANETTE HARRINGTON<br><br>Debtors. | Chapter 7<br><br>Case No. 19-30353 SH |

NOTICE OF OPPORTUNITY FOR HEARING

TO:     DEBTORS, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

YOU ARE HEREBY NOTIFIED that the annexed Motion for Relief from Automatic Stay has been filed by the firm of HALLIDAY, WATKINS & MANN, P.C., whose address is 376 East 400 South, Suite 300, Salt Lake City, UT 84111, as attorney for U.S. Bank National Association.

YOU ARE HEREBY FURTHER NOTIFIED that, unless you or another party in interest files an objection in writing to the relief requested in the Motion, within fourteen (14) days after mailing of this notice, the relief requested may be granted without further notice or order of the Court, on or after said date.

YOU ARE HEREBY FURTHER NOTIFIED that, if an objection in writing to the relief requested in the Motion is timely filed, any party in interest may obtain a hearing on the Motion and the objection.  An objection must be filed both with, the Clerk of the Bankruptcy Court, U.S. Courthouse 655 First Avenue North, Suite 201, Fargo, ND 58201, and with the attorney whose name is shown above.

Dated September 3, 2019                    Halliday, Watkins & Mann, P.C.
                                           376 East 400 South, Suite 300
                                           Salt Lake City, UT 84111

                                            /s/ Brian J. Porter                    
                                           Brian J. Porter
                                           Attorney for Movant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused for a true and correct copy of the foregoing NOTICE OF OPPORTUNITY FOR HEARING, annexed MOTION FOR RELIEF FROM AUTOMATIC STAY, by first class mail with postage duly prepaid, on 3rd day of September, 2019, to the following persons:

| | |
|---|---|
| Jamie Steven Harrington<br>Darielle Jeanette Harrington<br>8500 Burnt Creek Island Road<br>Bismarck, ND 58503<br>Debtors<br>VIA U.S. MAIL | Ross H. Espeseth<br>Bormann, Myerchin, Espeseth & Edison LLP<br>City Center Plaza, Suite 240<br>418 East Broadway Avenue<br>P.O. Box 995<br>Bismarck, ND 58502-0995<br>Debtors' Attorney<br>VIA ECF |
| United States Trustee<br>Suite 1015 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>VIA ECF | Gene W. Doeling<br>3429 Interstate Blvd. S.<br>P.O. Box 9231<br>Fargo, ND 58106-9231<br>Chapter 7 Trustee<br>VIA ECF |

Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111


 /s/ Brian J. Porter
Brian J. Porter
Attorney for Movant

# EXHIBIT "A"

| Borrower(s) | Lender | |
|---|---|---|
| JAMIE HARRINGTON | U.S. Bank National Association | Loan Number _____ |
| | BISMARCK NORTH, ND OFFICE | Note Date 01/22/2018 |
| | 3318 N 14TH STREET | |
| 8500 BURNT CREEK ISLAND RD | BISMARCK, ND 58503 | Maturity Date 02/05/2024 |
| BISMARCK, ND 58503-9239 | | |
| "I" means each Borrower above, jointly and severally. | "You" means the Lender, its successors and assigns. | Loan Amount $ 45,259.04 |

**Note** - For value received, I promise to pay to you, or your order, at your address above, the principal sum of: $45,259.04

_____ Dollars $ 45,259.04

plus interest from ____01/22/2018____ at the rate of ____3.990____ % per year until __maturity__.

☑ **Additional Finance Charge** - I also agree to pay a nonrefundable fee of $ 50.00 _____ and it will be ☐ paid in cash.
  ☑ withheld from the proceeds. (If this fee is withheld from the proceeds, the amount is included in the principal sum.)

☐ **Variable Rate** - The (annual) interest rate above may change so as to be _____

**Timing and Frequency of Interest Rate Changes** - The rate can first change on _____
  and can change as often as _____ after that.

**Lifetime Rate Change Limitations** - The rate cannot ever exceed _____ %. The rate cannot ever be less than _____ %.

**Payment Changes** - A change in the interest rate will change: ☐ The amount of each scheduled payment. ☐ The amount due at maturity.

☐ **Post Maturity Interest** - Interest will accrue after maturity on the unpaid balance of this note on the same basis as interest accrues before maturity.

**Terms** - If checked, the terms provided in this agreement reflect a higher rate of interest or finance charges than the lowest available for this note. The higher rates and/or charges are due to information contained in my consumer credit report you obtained from the credit bureau listed below. I may obtain a free copy of this report by contacting the bureau directly.

**Payments** - I will pay this note as follows:
  (a) ☐ Interest payments will be due _____
       Principal payments will be due _____
  (b) ☑ This note has ____72____ payments. The first payment will be in the amount 708.94 _____ and will be due
       ____03/05/2018____ . A payment of $ 708.94 _____ will be due on the __5th__ day of each __month__
       thereafter. The final payment of the entire unpaid balance of principal and interest will be due __02/05/2024__ .

**The Purpose Of This Loan Is** Refinance Non-Real Estate

☑ **Late Charge** - I agree to pay a late charge if any scheduled payment (or part thereof) is made more than __five__ days after it is due equal to $29.00.

☑ **Prepayment Penalty** - If I prepay this note in whole, I will pay you a prepayment penalty equal to _____
  1% of the original loan amount with a minimum of $50 and a maximum of $100
  if closed within the first year

☑ **Returned Payment Charge** - I agree to pay a fee of $ 25.00 _____ for each check, negotiable order of withdrawal, draft or electronic payment I make in connection with this note that is returned because it has been dishonored.

In the state of IOWA - **THIS IS A CONSUMER CREDIT TRANSACTION**

**Security** - (If neither of the next two options are checked, this loan is not specifically secured except: 1. through cross collateralization from other loans; and 2. a security interest in all deposit accounts with U.S. Bank, National Association)

  ☐ **Separate Security** - This note is secured by a separate _____ , dated _____ .

  ☑ **Security Agreement** - I give you a security interest in the Property described below. The rights I am giving you in this Property and the obligations this agreement secures are defined on pages 3 and 4 of this agreement.
    2015 FORD F150 CREW 1FTEW1EF3FFA03018

This Property will be used for __Consumer__ purposes.

©1981, 1988, 1994, 2001 Wolters Kluwer Financial Services  Form USBNDASV-NDX 5/11/2016       (page 1 of 6)

NDSC 046       Form USBNDASVNDX 11/2016

U.S. Bank
Customer Confidential

Loan number ▮

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost me. | AMOUNT FINANCED<br>The amount of credit provided to me or on my behalf. | TOTAL OF PAYMENTS<br>The amount I will have paid when I have made all scheduled payments. |
|---|---|---|---|
| 4.0250% | $ 5,834.64 | $ 45,209.04 | $ 51,043.68 |

My **Payment Schedule** will be:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| 72 | $708.94 | Monthly Beginning 03/05/2018 |

☐ **Variable Rate**
  ☐ This note contains a variable rate feature.
  ☐ The annual percentage rate may increase during the term of this transaction if _____
    _____ .
    A rate increase will take the form of _____ .
    If the rate increases by _____ % in _____ the _____
    _____ will increase to _____ . The interest rate may not increase more
    often than _____ , and may not increase more than _____ % each _____ .
    The interest rate will not go above _____ %.

**Security** - I am giving a security interest in                        ☑ (description of other property)
  ☐ the goods or Property being purchased.                               2015 FORD F150 CREW
  ☑ my deposit accounts and other rights to the payment of money from U.S. Bank, National Association    1FTEW1EF3FFA03018
  ☑ Collateral securing other loans with you may also secure this note.

☑ **Late Charge** - I agree to pay a late charge if any scheduled payment (or part thereof) is made more than ___five___ days after it is due equal to $29.00 _____ .

**Prepayment** - If I pay off this note early, I  ☑ may  ☐ will not  have to pay a penalty.
Filing Fees $ 5.00 _____

I can see my contract documents for any additional information about nonpayment, default, and any required repayment before the schedule date, and prepayment refunds and penalties.

☑ **Property Insurance** - Property insurance is required. I may obtain property insurance from anyone I want that is acceptable to you.

### ADDITIONAL TERMS OF THE NOTE

**DEFINITIONS** - "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). "You" or "your" means the Lender and its successors and assigns.

**APPLICABLE LAW** - You are a national bank located in Ohio. The interest rate, fees and related charges that you can charge for this note are pursuant to the law of the state of Ohio, regardless of where this note is made or where I live. As for other issues, the law of my state of residence and the law of the state where any Property is located will apply.

The fact that any part of this note cannot be enforced will not affect the rest of this note. Any change to this note or any agreement securing this note must be in writing and signed by you and me.

**THIS FORM** - This form is designed to be used for many types of transactions. A paragraph or section that begins with a "☐" that is not checked does not apply to this note.

**PAYMENTS** - Each payment I make on this note will be applied (to the extent of the payment) in the following order: (1) accrued interest; (2) principal; (3) charges other than interest or principal, if any; and (4) excess principal if designated.

**PREPAYMENT** - I may prepay this note in whole or in part at any time. If I prepay in part, I must still make each later payment in the original amount as it becomes due until this note is paid in full.

**BALLOON PAYMENTS** - In the states of Idaho, Colorado, and Wyoming, under certain circumstances as defined by law in those states you may be obligated to refinance a balloon payment. If a balloon payment arises, if you are obligated under state law to refinance that payment, and if federal law does not preempt state law, then you will refinance the balloon payment.

**INTEREST** - Interest accrues on the principal remaining unpaid from time to time, until paid in full. If "Variable Rate" is checked on page 1, I will pay interest at the rates in effect from time to time. If a payment is not sufficient to pay the accrued interest, as of a scheduled payment date, the accrued and unpaid interest will be added to principal.

Decreases in the interest rate for this note will have the opposite effect on payments that increases would have. The interest rate(s) and other charges on this note will never exceed the highest rate or charge allowed by law for this note. Changes in the index between scheduled changes in the interest rate will not affect the interest rate. If the index specified on page 1 ceases to exist, I agree that you may substitute a similar index for the original.

**CURE RIGHTS** - In some circumstances (and some states in which this note is used) your rights and remedies are subject to a duty to give me the right to cure a default and to get notice of that right before you can exercise some of your remedies. The states include (and may not be limited to) Colorado, Iowa, Kansas, Missouri,

Nebraska, South Carolina, and West Virginia. You will provide such rights, and notice of such rights before exercising your remedies, as provided by law.

**DEFAULT** - I will be in default on this note and any agreement securing this note if:
1. I fail to make a payment in full when due; or
2. Your prospect of payment, performance, or ability to recover the reasonable value of the Property ("Recover") is significantly impaired.

If any of us are in default on this note or any security agreement, you may exercise your remedies against any or all of us.

**REMEDIES** - Subject to the CURE RIGHTS section above, if I am in default on this note or any agreement securing this note, you may exercise your rights provided by law and this agreement. I also understand and agree to the following:
1. You may accelerate the due date of the unpaid principal balance of the loan, plus accrued interest and charges, making it due in its entirety before the scheduled due date.
2. You may Recover on any property securing this transaction.
3. You may demand more security or new parties obligated to pay this loan (or both) in return for not using any other remedy.
4. You may make a claim for any and all insurance benefits or refunds that may be available.

If I default and you choose not to exercise a remedy, you do not lose the right to treat the event as a default if it happens again.

**COSTS OF COLLECTION** - I agree to pay the costs you incur to collect this debt and Recover on any collateral in the event of my default. These costs will include our reasonable attorney's fees (for an attorney who is not our salaried employee), to the extent not prohibited by state law.

In the event of my bankruptcy, and without regard to my state of residence, these costs will include your reasonable attorney's fees for an attorney who is not your salaried employee in the bankruptcy proceedings.

**ERRORS AND OMISSIONS** - In consideration of this note, I agree to fully cooperate with you to correct or adjust any errors or omissions in this note. I agree that you alone shall determine whether any such errors or omissions exist, and the extent to which they need to be corrected. I will comply with any of your requests as soon as reasonably practicable, but in any event within 30 days of such requests. If I do not comply with any of your requests within 30 days, I understand and agree that I will be responsible for any costs and damages incurred by you due to the error or omission, which shall include (without limitation) actual expenses, legal fees, losses, and penalties.

**OBLIGATIONS INDEPENDENT** - This section applies if there are multiple parties (for example, a maker and a guarantor or co-maker) who are obligated to pay this note. We understand that the obligation of each of us to pay this note is independent of the obligation of the others to pay this note. You may, without notice, release or give up any right you may have, extend new credit, renew or change this note, as to any of us, without affecting the obligation of any others (until this note is paid in full).

You may fail to perfect your security interest in, impair, or release any security and I (we) will still be obligated to pay this note.

**WAIVER** - I waive (to the extent permitted by law) demand, presentment, protest, notice of dishonor and notice of protest.

**FINANCIAL STATEMENTS** - I will give you any financial statements or information that you feel is necessary. All financial statements and information I give you will be correct and complete.

**PURCHASE MONEY LOAN** - If this is a Purchase Money Loan as defined in the SECURED OBLIGATIONS section below, you may include the name of the seller on the check or draft for this note.

**NAME AND LOCATION** - My name and address indicated on page 1 are my exact legal name and my principal residence. I will provide you with at least 30 days' notice prior to changing my name or principal residence.

### ADDITIONAL TERMS OF THE SECURITY AGREEMENT

**SECURED OBLIGATIONS** - This security agreement secures the note (including all extensions, renewals, refinancings and modifications) and any other debt I have with you now or later. Also, this security agreement will not secure other debts if this security interest is in household goods and the other debt is a consumer loan. This security agreement will last until it is discharged in writing.

For the sole purpose of determining the extent of a purchase money security interest arising under this security agreement:
(a) Payments on any nonpurchase money loan also secured by this agreement will not be deemed to apply to the Purchase Money Loan; and
(b) Payments on the Purchase Money Loan will be deemed to apply first to the nonpurchase money portion of the loan, if any, and then to the purchase money obligations in the order in which the items were acquired.

No security interest will be terminated by application of this formula. "Purchase Money Loan" means any loan of which the proceeds, in whole or in part, are used to acquire any property securing the loan and all extensions, renewals, consolidations and refinancings of such loan.

**PROPERTY** - The word "Property," as used here, includes all property that is listed in the SECURITY AGREEMENT section on page 1. Property also means all benefits that arise from the described Property (including all proceeds, insurance benefits, payments from others, interest, dividends, stock splits and voting rights). It also means property that now or later is attached to, is a part of, or results from the Property, and all supporting obligations. "Proceeds" includes anything acquired on the sale, lease, license, exchange, or other disposition of the Property; any rights and claims arising out of the Property; and any collections and distributions on account of the Property.

**OWNERSHIP AND DUTIES TOWARD PROPERTY** - Unless any non-Borrower owner of the Property signs the THIRD PARTY AGREEMENT section below, I represent that I own all the Property. I will defend the Property against any other claim. I agree to do whatever you require to perfect your interest and keep your priority. I will not do anything to harm your position. I will not use the Property for a purpose that will violate any laws or subject the Property to forfeiture or seizure.

I will keep the Property in my possession. I will keep it in good repair and use it only for its intended purposes. I will keep it at my address unless we agree otherwise in writing.

I will not try to sell or transfer the Property, or permit the Property to become attached to any real estate, without your written consent. I will pay all taxes and charges on the Property as they become due. I will inform you of any loss or damage to the Property. You have the right of reasonable access in order to inspect the Property.

If the Property is a motor vehicle, I represent that it is not a vehicle seized pursuant to any federal, state or local forfeiture law.

**INSURANCE** - I agree to buy the insurance coverages required on page 2 covering the Property against the risks and for the amounts you require. I will name you as loss payee on any such policy. If there is an insured loss, you may require added security on this loan if you agree that insurance proceeds may be used to repair or replace the Property. I agree that if the insurance proceeds do not cover the amounts I still owe you, I will pay the difference. I will buy the insurance from a firm authorized to do business in the appropriate state. The firm will be reasonably acceptable to you. I will keep the insurance until all debts secured by this agreement are paid.

**COLLATERAL PROTECTION INSURANCE** - Unless I provide you with evidence of the insurance coverage required by my agreement with you, you may purchase insurance at my expense to protect your interests in my collateral. This insurance may, but need not, protect my interests. The coverage that you purchase may not pay any claim that I make or any claim that is made against me in connection with the collateral. I may later cancel any insurance purchased by you, but only after providing you with evidence that I have obtained insurance as required by our agreement. If you purchase insurance for the collateral, I will be responsible for the costs of that insurance, including interest and any other charges you may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to my total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance I may be able to obtain on my own. I agree that the cost of such insurance will be due immediately.

**FILING** - I authorize you to file a financing statement covering the Property. I agree to comply with and facilitate your requests in connection with obtaining possession of or control over the Property until this security agreement is terminated.

**DEFAULT AND REMEDIES** - If I am in default, in addition to the remedies listed in the note portion of this agreement and subject to any of the limitations in the CURE RIGHTS section, you may (after giving notice and waiting a period of time, if required by law):

(a) Pay taxes or other charges, or purchase any required insurance, if I fail to do these things (but you are not required to do so). You may add the amount you pay to this loan and accrue interest on that amount at the interest rate(s) in effect from time to time, on this note until paid in full;

(b) Require me to gather the Property and any related records and make it available to you in a reasonable fashion;

(c) Take immediate possession of the Property, but in doing so you may not breach the peace or unlawfully enter onto my premises. You may sell, lease or dispose of the Property as provided by law. You may apply what you receive from the sale of the Property to your expenses and then to the debt. If what you receive from the sale of the Property is less than what I owe on this note you may take me to court to recover the difference (to the extent permitted by law); and

(d) Keep the Property to satisfy the debt.

I agree that when you must give notice to me of your intended sale or disposition of the Property, the notice is reasonable if it is sent to me at my last known address by first class mail 10 days before the intended sale or disposition. I agree to inform you in writing of any change in my address.

**ASSUMPTIONS** - This security agreement and any loan it secures cannot be assumed by someone buying the Property from me. This will be true unless you agree in writing to the contrary. Without such an agreement, if I try to transfer any interest in the Property, I will be in default on all obligations that are secured by this security agreement.

---

This notice applies to **Missouri** customers specifically and is generally true for all customers:

**ORAL AGREEMENTS: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.**

---

**THIRD PARTY AGREEMENT**

For the purposes of the provisions within this enclosure "I," "me" or "my" means the person signing below and "you" means the Lender identified on page 1.

I agree to give you a security interest in the Property that is described on page 1. I agree to the terms of this note and security agreement but I am in no way personally liable for payment of the debt. This means that if the Borrower defaults, my interest in the Property may be used to satisfy the Borrower's debt. I agree that you may, without releasing me or the Property from this Third Party Agreement and without notice or demand upon me, extend new credit to any Borrower, renew or change this note or security agreement one or more times and for any term, or fail to perfect your security interest in, impair, or release any security (including guaranties) for the obligations of any Borrower.

I HAVE RECEIVED A COMPLETED COPY OF THIS NOTE AND SECURITY AGREEMENT.

_____
Date

_____
Date

_____
Date

---

**ARIZONA: Motor Vehicle as Collateral:** The following information applies if this security agreement, or another that secures this note includes a motor vehicle as that term may be defined by Arizona law:

It is unlawful to fail to return a motor vehicle subject to a security interest within thirty days after receiving notice of default. Any notice of default you send me will be mailed to my address given on page 1. It is my responsibility to tell you my new address if it changes. (Unlawful failure to return a motor vehicle subject to a security interest is a class 6 felony, which for a first offense carries a maximum jail sentence of 1.5 years. The maximum jail sentence may be greater if the defendant has a prior criminal record. The court may impose a fine of no more than $150,000.)

---

This note is a "transferable record" as defined in applicable law relating to electronic transactions. Therefore, the holder of this note may, on behalf of the maker of this note, create a microfilm or optical disk or other electronic image of this note that is an authoritative copy as defined in such law. The holder of this note may store the authoritative copy of this note in its electronic form and then destroy the paper original as part of the holder's normal business practices. The holder, on its own behalf, may control and transfer such authoritative copy as permitted by such law.

**CONSUMER REPORT DISPUTES** - If I believe you have inaccurately reported information on my credit history to a Consumer Reporting Agency (CRA), I may submit a dispute by calling 844.624.8230 or by writing to: U.S. Bank Attn: CRA Management, P.O. Box 3447, Oshkosh, WI 54903-3447. In order for you to assist me with my dispute, I must provide: my name, address and phone number; the account number; the specific information I am disputing; the explanation of why it is incorrect; and any supporting documentation (e.g., affidavit of identity theft), if applicable.

**AUTOMATIC WITHDRAWAL:**
I  ☑ DO    ☐ DO NOT    want Automatic Withdrawal.
By signing below I authorize you to automatically withdraw on each payment date my regular payment from my transaction account listed below.

Account Type: ☑ Checking    ☐ Savings
Account Number: ▓▓▓▓▓▓▓▓
Bank Routing Number: ▓▓▓▓▓▓▓▓

E-signed by JAMIE HARRINGTON on 01/22/2018 at 10:45 AM Central Standard Time

_/s/ JH_
JAMIE HARRINGTON                                    Date

_____
                                                    Date

**PREFERRED RATE FOR AUTOMATIC WITHDRAWAL AND/OR U.S. BANK CHECKING PACKAGE:**
I understand that I received a preferred interest rate on this note because I have established one or both of the following:
◆ automatic monthly withdrawals from a consumer U.S. Bank account
◆ a consumer U.S. Bank Silver, Gold, or Platinum Checking Package

**FEE FOR CANCELLING AUTOMATIC WITHDRAWAL OR U.S. BANK CHECKING PACKAGE:**
I understand that automatic withdrawals will automatically stop, and must be re-established, if, I close the transaction account from which automatic withdrawals are authorized (without arranging for automatic withdrawal from another account), there are insufficient funds in the account, or I stop payment on any single automatic withdrawal.
I understand that if my automatic withdrawal OR my consumer Checking Package relationship is terminated at any time during the term of the note, I agree to pay U.S. Bank a one-time cancellation fee of $ _50.00_____ . I also understand the interest rate on this note will not change.

E-signed by JAMIE HARRINGTON on 01/22/2018 at 10:45 AM Central Standard Time

_/s/ JH_
JAMIE HARRINGTON                                    Date

_____
                                                    Date

By signing above I acknowledge that I have read, understand and accept the terms of preferred rate pricing and the fee imposed if my consumer U.S. Bank Checking Package relationship or automatic withdrawal is terminated on this note.

Loan number: ████████

**NOTICE TO COSIGNER**
**You (the cosigner) are being asked to guaranty this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.**
**You may have to pay up to the full amount of the debt if the borrower does not pay. You also may have to pay late fees or collection costs, which increase this amount.**
**The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.**
**This notice is not the contract that makes you liable for the debt.**

**Garnishment is not a remedy available in Pennsylvania or Texas.**

**SIGNATURES -** I agree to the terms set out on pages 1 thru 6 of this agreement. I have received a copy of this agreement on today's date.

**Cosigners - see notice above before signing.**

In the notices in this box "you" means the Borrower(s):

**Notice to Consumer: 1. Do not sign this note before you read it. 2. You are entitled to a copy of this note. 3. You may prepay the unpaid balance at any time. If you prepay this note you**

☑ **MAY**    ☐ **WILL NOT**    have to pay a penalty.

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THIS NOTE BEFORE YOU SIGN IT.**

E-signed by JAMIE HARRINGTON on 01/22/2018 at 10:45 AM Central Standard Time

_/s/ JH_

JAMIE HARRINGTON                                             Date

_____
                                                             Date

_____
                                                             Date

_____
                                                             Date

©1981, 1988, 1994, 2001 Wolters Kluwer Financial Services  Form USBNDASV-NDX 5/11/2016                    *(page 6 of 6)*

NDSC 046          Form USBNDASVNDX 11/2016

U.S. Bank
Customer Confidential

# EXHIBIT "B"

LEGAL DOCUMENT — KEEP IN A SAFE PLACE

# CERTIFICATE OF TITLE FOR A VEHICLE
NORTH DAKOTA DEPARTMENT OF TRANSPORTATION
SFN 2875 (Rev. 06-16)

ND DEPT. OF TRANSPORTATION
MOTOR VEHICLE DIVISION
608 E BOULEVARD AVE
BISMARCK ND 58505-0780
Telephone: (701) 328-2725

| VIN | YEAR MODEL | YEAR REGISTERED | MAKE | BODY STYLE | MODEL |
|---|---|---|---|---|---|
| 1FTEW1EF3FFA03018 | 2015 | 2015 | FORD | PICKUP TRUCK | F150 |

**OWNER(S) NAME**
HARRINGTON, JAMIE STEVEN

| TITLE NUMBER | VEHICLE TYPE | SHIPPING WEIGHT | DATE ISSUED |
|---|---|---|---|
| ND294815744 | TRUCK | 4830 | 3/2/2018 |

| ODOMETER READING | ODOMETER STATUS |
|---|---|
| 38580 MI | ACTUAL |

**MAIL TO:**
US BANK NA
PO BOX 3427
OSHKOSH WI 54903-3427

---

**PART 1. ASSIGNMENT AND WARRANTY OF TITLE (DELIVER TITLE TO BUYER WITHIN 15 DAYS FROM DATE OF SALE)**

Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessor, Trust): ☐ Driver's License ☐ FEIN  Telephone Number

Mailing Address | City | State | ZIP Code | County

Co-Applicant's/Buyer's Legal Name (first, middle, last) or Firm Name (Lessee, Trust): ☐ Driver's License ☐ FEIN  Telephone Number

Mailing Address | City | State | ZIP Code | County

Check one: ☐ Or ☐ And ☐ And/Joint Tenants with Right of Survivorship | Purchase Date (Mo., Day, Year) | Purchase Price

**Odometer Disclosure:** Federal and State laws require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked: ☐ Mileage stated is in excess of its mechanical limits.  ☐ Odometer reading is not the actual mileage (warning *odometer discrepancy*)

Odometer Reading  NO TENTHS

| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
|---|---|---|---|
| X | | X | |
| Signature of Seller/Transferor | Date (Mo., Day, Year) | Signature of Applicant/Buyer/Transferee | Date (Mo., Day, Year) |
| X | | X | |
| Hand-Printed Name(s) of Seller(s)/Transferor(s) | Daytime Telephone Number | Hand-Printed Name(s) of Applicant(s)/Buyer(s)/Transferee(s) | |

---

**LEGAL TITLE OWNER (LIENHOLDER)**

Any lien recorded in the office of the Department of Transportation is shown below. The lienholder named is and shall remain legal owner of the vehicle until the encumbrance is released or satisfied.

US BANK NA
PO BOX 3427
OSHKOSH WI 54903-3427

I certify that the applicant has complied with the requirements of Title 39 of the North Dakota Century Code relative to the issuance of a certificate of title for a vehicle.

_____
Deputy Director for Driver and Vehicle Services

**LIEN RELEASE**

ALL INTERESTS IN THE VEHICLE DESCRIBED ABOVE ARE RELEASED.

Lienholder Name

Signature of Agent | Date
X |

THE DEPARTMENT OF TRANSPORTATION IS NOT RESPONSIBLE FOR FALSE OR FRAUDULENT STATEMENTS MADE IN THE ASSIGNMENT OF THE CERTIFICATE OF TITLE.
SFN 2875 (Rev. 07-2015)

P169332

ERASURES, ALTERATIONS OR MUTILATIONS VOID THIS TITLE

# EXHIBIT "C"

## NADA Used Cars/Trucks

NADA User Car Guide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.



Licensed to J.D. Power

**Period:** July 10, 2019　　**Region:** North Dakota
**VIN:** 1FTEW1EF3FFA03018　　**Ref. Number:**

### 2015 Ford F150 Crew Cab XLT 4WD 5.0L V8

**Mileage:** 62,500　　**Adjustment:** $0　　**Base MSRP:** $39,425
**Weight:** 4,750

| NADA Used Cars/Trucks Values | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Low Auction* | $21,025 | $45 | N/A | $21,070 |
| Average Auction* | $24,050 | $45 | N/A | $24,095 |
| High Auction* | $27,100 | $45 | N/A | $27,145 |
| Rough Trade-In | $21,950 | N/A | N/A | $21,950 |
| Average Trade-In | $23,650 | N/A | N/A | $23,650 |
| Clean Trade-In | $25,050 | N/A | N/A | $25,050 |
| Clean Loan | $22,550 | N/A | N/A | $22,550 |
| Clean Retail | $28,825 | N/A | N/A | $28,825 |

\* The auction values displayed include typical equipment and adjustments for mileage and any of the following applicable accessories: engine size; drivetrain, and trim.

https://extapps.nada.com/NADAOnline/ucg/　　7/10/2019

## Vehicle Information

| | | Trade-In / Loan | Retail |
|---|---|---|---|
| ☐ | FX4 Off-Road Pkg. | $475 | $550 |
| ☐ | Heavy Duty Payload Pkg. | $650 | $725 |
| ☐ | Sport Appearance Pkg | $825 | $925 |
| ☐ | Towing/Camper Pkg | $300 | $350 |
| ☐ | Certified Pre-Owned-F150 | N/A | $2,150 |
| ✓ | Back Up Camera | N/A | N/A |
| ☐ | Blind Spot Monitor | $125 | $150 |
| ✓ | Bluetooth Connection | N/A | N/A |
| ☐ | Navigation System | $450 | $500 |
| ☐ | Parking Aid | $150 | $175 |
| ☐ | W/out Back Up Camera | $-100 | $-100 |
| ✓ | Aluminum/Alloy Wheels | N/A | N/A |
| ☐ | Auxiliary Fuel Tank | $50 | $75 |
| ☐ | Bed Liner | $50 | $75 |
| ✓ | Cruise Control | N/A | N/A |
| ☐ | Fiberglass Cap | $825 | $925 |
| ☐ | Fixed Running Boards | $50 | $75 |
| ✓ | Fog Lights | N/A | N/A |
| ✓ | Heated Exterior Mirrors | N/A | N/A |
| ✓ | Power Adjustable Mirrors | N/A | N/A |
| ✓ | Power Door Locks | N/A | N/A |
| ☐ | Power Sunroof | $475 | $550 |
| ✓ | Power Windows | N/A | N/A |
| ☐ | Remote Engine Starter | $150 | $175 |
| ☐ | Roll Bar | $200 | $225 |
| ☐ | Snow Plow Pkg./Plow | $2,800 | $3,125 |
| ☐ | Steering Wheel Mounted Audio Controls | $75 | $100 |
| ☐ | W/out Heated Exterior Mirrors | $-75 | $-75 |
| ☐ | W/out Power Seat | $-250 | $-250 |
| ☐ | Winch | $250 | $300 |
| ☐ | Heated Front Seats | $300 | $350 |
| ☐ | Locking/Limited Slip Differential | $150 | $175 |

NADA Used Car Guide and its logo are registered trademarks of National Automobile Dealers Association, used under license by J.D. Power. © 2019 J.D. Power